By the Court.—Monell, J.
I think it is very clea,r that this appeal must be dismissed upon the first ground. The cases seem to uniformly hold, that the acceptance of any benefit or advantage under an order, or acting upon the order, operates as a waiver of the right to appeal.
*159 In Rad way v. Graham (4 Abb. Pr. 468), the general term of the common pleas held, that the imposition of costs, as a condition for granting a motion, was such a benefit, that the acceptance of them waived the right to appeal.
That case has been followed by Lewis v. Irving Ins. Co. (in a note to Hanna v. Dexter, 15 Abb. Pr. 140), in the supreme court; and in this court, by Lupton v. Jewett (1 Robt. 639).
In Noble v. Prescott (4 E. D. Smith, 139), the order allowed a renewal of the motion, which the party availed himself of; and it was held to be a waiver of the right to appeal.
This case is stronger than any of them. Here the appellants not only accepted the costs, but also the answer, to which they served a reply, and then proceeded with the trial.
All this action under the order would of itself, it seems to me, preclude an appeal.
The stipulation between the attorneys that the appeal should be heard upon certain papers, was not a waiver of the right to make this motion. The papers included an affidavit of all the facts upon which this motion is founded, put in, for the purpose of raising the question on the argument of the appeal, as was done in Radway v. Graham (supra). But the defendant’s attorney has pursued a better practice, and brought the matter before the court, upon notice to the opposite party.
Hor have there been sufficient laches to defeat the motion, even although the right to make it might be lost by laches. It is not required, I think, that it should be made at first or earliest opportunity ; and may be made, as was done in some of the cases, when the appeal is brought on for argument.
Irregularities in practice are sometimes cured or waived, by admitting to take early advantage of them. *160 But this was not an irregularity (1 Tidd’s Pr. 512), but a substantial act of the party, and was not waived by laches.
I do not propose to examine the second ground of objection, although I think it may be correctly said, that it is sustained by the clear weight of authority. See the case, collected in notes to VoorMes’ Ed. of the Code, §§ 327, 332.
I am in favor of granting this motion, with costs.